IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-617-D

| | |
|---|---|
| CORDELLA NWIZU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| THE LINCOLN NATIONAL LIFE | ) |
| INSURANCE COMPANY, and | ) |
| LAUREL HEALTH CARE COMPANY, | ) |
| | ) |
| Defendants. | ) |

On September 9, 2014, Cordella Nwizu ("plaintiff") filed a complaint in Wake County Superior Court seeking payment on a life insurance benefits claim. See Compl. [D.E. 1-4]. The Lincoln National Life Insurance Company ("Lincoln National") timely removed the action [D.E. 1]. On October 17, 2014, Lincoln National filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [D.E. 11]. On December 5, 2014, plaintiff filed a motion to voluntarily dismiss her complaint without prejudice [D.E. 23]. As explained below, the court grants both motions.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007); Vitol, S.A. v. Primerose Shipping Co., 708 F.3d 527, 543 (4th Cir. 2013); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). The court need not accept a complaint's conclusions of law. See Iqbal, 556 U.S. at 678–79; Twombly, 550 U.S. at 555; Nemet Chevrolet, Ltd. v.

Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). As for a complaint's factual sufficiency, a party must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "[N]aked assertions of wrongdoing" cannot "cross the line between possibility and plausibility of entitlement to relief." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotation omitted); see Vitol, S.A., 708 F.3d at 543. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. A plaintiff armed with nothing more than "labels and conclusions" or a formulaic recitation of the elements of a cause of action cannot proceed. Twombly, 550 U.S. at 555 & n.3; Vitol, S.A., 708 F.3d at 543; Francis, 588 F.3d at 193.

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. Moreover, in considering a motion to dismiss, a court must focus on the complaint. The court may also consider documents attached to the complaint if they "are integral to the complaint and authentic." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999).

In her complaint, plaintiff seeks dependent life insurance benefits pursuant to an insurance policy (the "Policy"), for which she enrolled through her employer, defendant Laurel Health Care Company ("Laurel"). See Compl. Lincoln National issued the Policy to Laurel to fund the life insurance benefits under the Laurel's benefit plan (the "Plan"). See id. ¶¶ 1–17. Plaintiff's complaint contains six state-law claims arising out of the denial of plaintiff's claim for dependent life insurance benefits under the Plan and Policy. See id. ¶¶ 18–45.

The Plan and the Policy are governed by the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §§1001, et seq. Section 514(a) of ERISA provides that

2

ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). Because plaintiff's state-law claims all relate to the Plan and the Policy, ERISA preempts them. See, e.g., Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47–57 (1987); Shaw v. Delta Airlines, Inc., 463 U.S. 85, 95–100 (1983); Powell v. Chesapeake & Potomac Tel. Co. of Va., 780 F.2d 419, 421–24 (4th Cir. 1985). Thus, the court converts plaintiff's state-law claim for breach of contract to a claim for benefits pursuant to 29 U.S.C. § 1132(a) and dismisses all other state-law claims. See, e.g., Singh v. Prudential Health Care Plan, Inc., 335 F.3d 278, 290 (4th Cir. 2003); Darcangelo v. Verizon Commc'ns, 292 F.3d 181, 195 (4th Cir. 2002).

As for plaintiff's ERISA claim under 29 U.S.C. § 1132(a), a claimant seeking benefits under an ERISA-qualified employee benefit plan must exhaust her administrative remedies before filing a lawsuit. See, e.g., Makar v. Health Care Corp. of Mid-Atl., 872 F.2d 80, 82–83 (4th Cir. 1989). Here, plaintiff has not alleged that she exhausted her administrative remedies. Moreover, under the terms of the Policy, a claimant must seek an appeal review of a denied claim within 60 days of an adverse determination. See Policy [D.E. 11] 23–24. This time period comports with Department of Labor regulations relating to ERISA's procedural requirement for a full and fair review of benefit claims. See 29 C.F.R. § 2560.503-1(h)(2)(i).

In her complaint, plaintiff alleges that Lincoln National denied her claim for dependent life insurance benefits in May 2013. Compl. ¶ 16. Plaintiff does not, however, allege that she pursued an administrative appeal of the denial. The 60-day time period within which plaintiff was required to pursue her administrative appeal has expired. Moreover, plaintiff's failure to pursue an administrative appeal within the allowed time period appears to bar further action by this court on her claim for benefits. See, e.g., Gayle v. United Parcel Serv., Inc., 401 F. 3d 222, 229–30 (4th Cir.

3

Case 5:14-cv-00617-D   Document 24   Filed 12/08/14   Page 3 of 4

2005). This court's apparent inability to grant relief in these circumstance does not, however, preclude possible equitable relief from the 60-day deadline by the plan administrator. Cf. id. at 225. Thus, the court grants plaintiff's motion to dismiss the complaint without prejudice.

In sum, the court GRANTS defendant Lincoln National's motion to dismiss [D.E. 11] and plaintiff's motion to voluntarily dismiss [D.E. 23] and DISMISSES WITHOUT PREJUDICE plaintiff's complaint.

SO ORDERED. This _8_ day of December 2014.

                                                JAMES C. DEVER III
                                                Chief United States District Judge